**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Faron Wade JONES, Defendant—Appellant.**

No. 03–30078.

D.C. No. CR–02–00023–SEH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 2, 2003.

Decided Dec. 30, 2003.

---

Carl E. Rostad, Esq., Office of the U.S. Attorney, Great Falls, MT, Klaus P. Richter, Esq., USMO–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Jeremy S. Yellin, Esq., Havre, MT, for Defendant–Appellant.

Before BRUNETTI, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM *

Faron Wade Jones appeals his convictions for abusive sexual contact in violation of 18 U.S.C. §§ 1153 and 2244(a)(2) and attempted sexual abuse in violation of 18 U.S.C. § 2242(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Jones also appeals the district court's refusal to provide written jury instructions. We address that argument in a companion published opinion. Because the facts are familiar to the parties, we do not recite them here.

We conclude that there was sufficient evidence to support Jones' convictions.[1] "[V]iewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[2] Sufficient evidence exists in the record, including Jones' own admissions regarding his activities, to support the findings that Jones' victim was incapacitated and that Jones was aware of her incapacitation.[3]

The district court permissibly excluded evidence of DNA found on the victim's neck as cumulative.[4] The probative value of the evidence was "substantially outweighed by ... considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[5] Sufficient

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We review claims of insufficient evidence *de novo*. *See United States v. Odom*, 329 F.3d 1032, 1034 (9th Cir.2003).

2. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis omitted).

3. *See* 18 U.S.C. § 2242 (1994); 18 U.S.C. § 2244(a) (1998). Jones does not dispute that

the Government produced sufficient evidence of the remaining elements of the charges brought against him.

4. We review the trial court's decision to exclude evidence for an abuse of discretion, according considerable deference to the trial court's evidentiary ruling. *See United States v. Gonzalez–Torres*, 309 F.3d 594, 601 (9th Cir.2002), *cert denied*, —— U.S. ——, 123 S.Ct. 1768, 155 L.Ed.2d 526 (2003); *United States v. Cordoba*, 194 F.3d 1053, 1063 (9th Cir. 1999).

5. FED.R.EVID. 403.

evidence of witness Marvin Birthmark's potential bias against Jones already existed on the record. Therefore, the excluded evidence "would not have added significantly to the inference of bias that one could have drawn" from the evidence already presented.[6]

AFFIRMED.

---

6. *United States v. Smith,* 196 F.3d 1034, 1038 (9th Cir.1999).

